# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ROGER WHITING, | |
| Plaintiff, | |
| v. | CAUSE NO.: 2:17-CV-86-TLS |
| MENARD, INC. and THYSSENKRUPP ELEVATOR CORPORATION, | |
| Defendants. | |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's, Roger Whiting, Motion for Leave to File First Amended Complaint [ECF No. 21], brought pursuant to Federal Rule of Civil Procedure 15(a)(2), and the Defendant's, Menard, Inc. (Menard), Objection to Partial Dismissal or, in the Alternative, Motion for Leave to Amend Answer to Name Non-Party [ECF No. 22].

## BACKGROUND

The Plaintiff filed a Complaint in Lake Superior Court against Defendants Menard, Inc. and Thyssenkrupp Elevator Corporation on January 12, 2017 [ECF No. 2], and the case was subsequently removed to the United States District Court for the Northern District of Indiana [ECF No. 1]. The Plaintiff alleges that the Defendants negligently maintained and operated an escalator, which caused the Plaintiff's injuries. (Pl.'s Compl. ¶ 5.) On May 18, 2018, the Plaintiff filed his Motion for Leave to File First Amended Complaint. The Plaintiff states that the completion of discovery has indicated that Thyssenkrupp Elevator Corporation (Thyssenkrupp) was not at fault for the Plaintiff's injuries and seeks to remove Thyssenkrupp as a Defendant pursuant to Federal Rule of Civil Procedure 15(a)(2). (Pl.'s Mot. for Leave to File First Am.

Compl. ¶¶ 3, 6.) In response, Defendant Menard requests that the Court deny the Plaintiff's Motion or, in the alternative, grant the Defendant leave to name Thyssenkrupp as a nonparty defendant in accordance with the Indiana Comparative Fault Act. (Def.'s Obj. ¶ 3.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a) provides that, after the time has expired to file an amendment as a matter of course, a party "may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A court should not deny leave to file an amended complaint in the absence of any apparent reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *See Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

The Indiana Comparative Fault Act, Indiana Code § 34-51-2, governs a defendant's right to amend its answer to assert a nonparty defense. Under the Act, "a defendant may assert as a defense that the damages of the claimant were caused in full or in part by a nonparty." Ind. Code § 34-51-2-14. The defendant must specifically name the nonparty within a certain time frame, but the Court may alter the time limitations in any manner that is consistent with "giving the defendant a reasonable opportunity to discover the existence of a nonparty defense." Ind. Code § 34-51-2-16(1). The Court may deny a motion to amend to add a nonparty defense on the grounds of futility if the requirements of the Comparative Fault Act are not met. *Cota v. Pilkington N.*

*Am., Inc.*, No. 1:12-CV-365, 2013 WL 1703571, at *2 (N.D. Ind. Apr. 19, 2013) (citations omitted).

## ANALYSIS

**Plaintiff's Motion to Amend Complaint**

The Plaintiff seeks to remove Defendant Thyssenkrupp as a defendant due to the Plaintiff's discovery that Thyssenkrupp was not at fault for the Plaintiff's injuries. Although Defendant Menard captioned its motion as "Objection to Partial Dismissal or, in the Alternative, Motion for Leave to Amend Answer to Name Non-Party," Defendant Menard does not list any specific objections to the proposed amendment. Defendant Menard does not assert any undue delay, bad faith, or any other sort of undue prejudice. Rather, the thrust of Defendant Menard's motion is focused on preserving its right to a nonparty defense. As leave to amend is freely given when justice so requires and Defendant Menard has not articulated objections to the Plaintiff's Motion to Amend, the Court will GRANT the Plaintiff's Motion for Leave to File First Amended Complaint

**Defendant's Motion to Name Nonparty Defendant**

The Defendant requests leave to name Thyssenkrupp as a nonparty defendant. Pursuant to Indiana Code § 34-51-2-15, the defendant bears the burden of pleading and proving the specific name of the nonparty. *Cota*, 2013 WL 1703571, at *2. Indiana Code § 34-51-2-16 requires that, if service of the complaint was made on the defendant more than 150 days prior to the expiration of the statutory limitations period for the nonparty, the defendant plead nonparty defenses no later than 45 days before such expiration deadline. *Parker v. Rockies Express Pipeline LLC*, No. 1:11-cv-139, 2012 WL 4481976, at *2 (S.D. Ind. Sept. 28, 2012) (citing Ind.

Code § 34-51-2-16). The Court may waive such deadlines to provide a defendant with a reasonable opportunity to discover such a defense.

As the Plaintiff only recently requested leave to amend his Complaint to remove Thyssenkrupp as a defendant, Defendant Menard could not have previously asserted a nonparty defense. As such, the Court will GRANT Defendant Menard leave to name a nonparty defendant in its amended answer. The Court notes that Defendant Menard must meet the requirements of the Comparative Fault Act in its amended answer.

## CONCLUSION

Based on the foregoing, the Court:

1. DENIES as moot the Plaintiff's Motion for Leave to File First Amended Complaint [ECF No. 20].

2. GRANTS the Plaintiff's Motion for Leave to File First Amended Complaint [ECF No. 21];

3. GRANTS the Defendant's Motion for Leave to Name a Nonparty Defendant [ECF No. 22]; and

SO ORDERED on May 6, 2019.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT